UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENNIS J. BLOUNT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:05-cv-130 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| | ) | |

This is a social security action brought pursuant to 42 U.S.C. § 405(g). On December 19, 2002, plaintiff filed the application for disability insurance benefits (DIB) giving rise to this appeal. (A.R. 43-45). Plaintiff claimed a November 21, 2000 onset of disability. Plaintiff's claim was denied on initial review, and as a disability redesign prototype case, was not subject to administrative review at the reconsideration stage. (A.R. 26). On December 13, 2004, plaintiff received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 310-34). On April 15, 2005, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 15-22). The Appeals Council denied review on September 21, 2005 (A.R. 5-8), and the ALJ's decision became the Commissioner's final decision. Plaintiff filed a complaint on November 21, 2005, seeking review of the Commissioner's decision denying his DIB claim. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (docket # 7).

Plaintiff has not presented any argument that the Commissioner's decision should be reversed. The only relief requested is an order remanding this matter to the Commissioner for consideration of the additional evidence that he presented to the Appeals Council. (Plf. Brief at 4, docket # 8). Upon review, the court finds no basis for disturbing the Commissioner's decision, and plaintiff has not satisfied the statutory requirements for ordering a remand to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). The Commissioner's decision will be affirmed, and plaintiff's request for remand will be denied.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997); *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the

Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ – would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on November 21, 2000, his alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. The ALJ found that plaintiff had severe impairments consisting of a degenerative disc disease and obesity. The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. The ALJ found that plaintiff retained the residual functional capacity (RFC) to perform light, unskilled work. Plaintiff was unable to perform his past relevant work. Plaintiff was 41 years old as of the

date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. Plaintiff has a limited education. Plaintiff did not have transferrable work skills. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with his RFC, education, and work experience, the VE testified that there were approximately 18,000 jobs within Michigan's Lower Peninsula that plaintiff was capable of performing. (A.R. 332). The ALJ held that this constituted a significant number of jobs. Using Rule 202.17 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 15-22).

**1.**

Plaintiff argues that the Appeals Council failed to adequately consider the additional evidence that plaintiff submitted to the Appeals Council in support of his application for discretionary review. (Plf. Brief at 3). The scope of the court's review is defined by statute, and does not encompass the Appeals Council's discretionary decision whether to grant review. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review.").

It is clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence

presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider plaintiff's proposed additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148. Upon review of the record presented to the ALJ, the court finds that the Commissioner's decision denying plaintiff's application for DIB benefits is supported by more than substantial evidence.

Plaintiff asks the court to remand this matter to the Commissioner for consideration of the additional evidence he presented to the Appeals Council. (Plf. Brief at 4). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). There are only two kinds of remand permitted: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)). The court cannot consider the additional evidence submitted to the Appeals Council in a sentence four context. It can consider such evidence in determining whether a sentence six remand is appropriate. *See Foster v. Halter*, 279 F.3d at 357; *Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 696. Accordingly,

plaintiff's request for remand is construed as a request for remand pursuant to sentence six of 42 U.S.C. § 405(g).[1]

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence plaintiff now presents is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005); *Cline*, 96 F.3d at 148; *Balogh v. Commissioner*, 94 F. App'x 286 (6th Cir. 2004) (A sentence six remand "requires that all three elements be met."). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486.

The ALJ issued his decision on April 15, 2005. All of the proffered records are "new" because they were generated after the date the ALJ issued his decision. (A.R. 289-309). *See Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357.

Contrary to plaintiff's assumption, "good cause" is not established solely because evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966; *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause); *Cranfield v. Commissioner*, 79 F. App'x 852, 859 (6th Cir. 2003) (same).

---

[1] The only authority cited anywhere in plaintiff's brief is 20 C.F.R. §§ 404.970(b) and 404.976(b). Neither regulation provides authority for the court to remand this matter to the Commissioner.

Plaintiff's brief fails to address his burden of demonstrating good cause. The court finds that plaintiff has not carried his burden of explaining why this evidence was not obtained earlier and submitted to the ALJ before his decision. Plaintiff has not shown "good cause."

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Taylor v. Commissioner*, 43 F. App'x 941, 943 (6th Cir. 2002). Again, plaintiff has not addressed or carried this statutory burden. The ALJ held that plaintiff was capable of performing light, unskilled work and that he was not disabled during the period from his alleged onset of disability of November 21, 2000 through April 15, 2005. Plaintiff's proffered evidence consists of May 31, 2005 and June 7, 2005 progress notes by Bruce Dall, M.D. (A.R. 289-90), Borgess Medical Center records regarding the back surgery Dr. Dall performed on July 14, 2005 (A.R. 291-96), and a June 8, 2005 medical evaluation by Peter B. Herkner, M.D. (A.R. 297-309). Dr. Dall's May 2005 progress notes state that plaintiff had returned to Dr. Dall for treatment after a "long absence." Dr. Dall found that plaintiff was "totally neurologically intact for motor, sensory and gait in both lower extremities." Plaintiff had a normal range of motion in his lower extremities. Dr. Dall indicated that he was ordering a CT scan to evaluate plaintiff's back pain complaints. (A.R. 289). On June 8, 2005, Dr. Herkner opined that plaintiff's back problems were not attributable to a work-related fall that had occurred in November 2000 (A.R. 298, 307-08), and that as of June 8, 2005, plaintiff was capable of performing a range of light work. (A.R. 309). On July 14, 2005, Dr. Dall performed a decompression laminectomy and extension of plaintiff's lumbar fusion. Plaintiff did not submit any medical records dated after July 15, 2005. The court is not persuaded that the

proffered documents create a reasonable probability the Commissioner would have reached a different decision if the documents had been presented and considered.[2]  Because plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted, plaintiff's request for remand will be denied.

## Conclusion

For the reasons set forth herein, plaintiff's request for a remand to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) will be denied, and the Commissioner's decision will be affirmed.


Dated:   June 15, 2006                        /s/  Joseph G. Scoville
                                              United States Magistrate Judge

---

[2] If plaintiff believes that his condition has deteriorated since the date of the ALJ's decision, he "has available the option of filing a new claim [for DIB benefits] based on a different period of disability than the one considered here."  *Jones v. Commissioner*, 336 F.3d at 478.